IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANICE D. TARRANT, | § | |
|          Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 3:14-CV-2955-M-BK |
| | § | |
| PNC BANK NA and NATIONAL | § | |
| CITY MORTGAGE CO., | § | |
|          Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for case management. The *pro se* Plaintiff originally filed this action in state court, seeking injunctive relief and a declaratory judgment that Defendants lacked a valid interest in the subject real estate and was not a holder in due course of the note and deed of trust encumbering her real property. Doc. 1-1 at 22, 24. Defendant PNC Bank, N.A., successor by merger to National City Bank, removed the action to federal district court based on diversity jurisdiction and, on August 25, 2014, moved to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Doc. 1 at 2; Doc. 5.

Plaintiff was required to file her response to the motion to dismiss, if she opposed the relief requested, by September 15, 2014, but she did not do so. See N.D. TEX. LOCAL RULE 7.1(e) (establishing 21-day deadlines for filing responses to motions). Due to Plaintiff's failure to respond to Defendant's dismissal motion, this Court ordered Plaintiff to respond to the motion no later than October 24, 2014, if she was opposed to the dismissal of her case. The October 24 deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th

1

Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed to respond to Defendant's dismissal motion and failed to comply with this Court's order directing a response.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling her case.  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Liberally construing her complaint, Plaintiff raised a quiet title claim.  Doc. 1-1 at 22.  The statute of limitations for such a claim does not appear to expire until 2018.  *See* Doc. 1-1 at 11 (Plaintiff's application for a temporary restraining order stating that a foreclosure sale was scheduled for August 4, 2014); *see Nobles v. Marcus*, 533 S.W.2d 923, 926-27 (Tex. 1976) (holding that a deed is voidable if the claimant alleges that it was signed by someone without the requisite power and authority); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex.App.–Fort Worth, 2010) (holding that a four-year statute of limitations applies in a quiet title action where it is alleged that the deed is voidable).

Liberally construing her *pro se* complaint in light of the removal of her case to federal court, Plaintiff also seeks relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  *See Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.) (stating that when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act).  That Act provides that any federal court may declare the rights and legal relations of any interested party.  However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  Thus, Plaintiff will

be able to seek declaratory relief again if she re-files her quiet title action before the expiration of the statute of limitations for the latter action. Accordingly, the District Court should dismiss this case without prejudice based on Plaintiff's lack of prosecution and failure to comply with a Court order.

**SO RECOMMENDED** on November 5, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE